UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

IN RE: RAFAEL GOLAN            CASE NO.: 19-10339-MAM
                                                         CHAPTER 11

    Debtor.
_____/

## MOTION FOR SANCTIONS FOR VIOLATION OF THE AUTOMATIC STAY AGAINST SUSAN GOLAN

COMES NOW, the Debtor in Possession, Rafael Golan, by and through the undersigned counsel, files this Motion for Sanctions for Automatic Stay Violation Against Susan Golan pursuant to 11 U.S.C. 362, and in support states as follows:

1. The Debtor in Possession filed for Chapter 11 Bankruptcy Protection on January 9, 2019. (D.E. 1).

2. At the time the petition was filed, the Debtor in Possession remained the Joint Owner of the Former Marital Home located at 1348 NW 111 Ave Pompano Beach FL 33071.

3. Prior to the filing of the case the Debtor in Possession was involved in a Dissolution of Marriage Proceeding in Broward County State Court. (Case No. 2010DR015211).

4. The Debtor filed a Suggestion of Bankruptcy in the dissolution case on January 9, 2019.

### COUNT I:  Voidable Distribution of Property to Pay Antecedent Debt

5. On January 16, 2019 the State Court issued a Final Judgment Dissolving the Marriage. (Exhibit A)

6. At the time of the Dissolution Judgment, the Debtor was obligated to pay past support amounts to the Former Spouse.

7. The Order issued in the matter distributed property owned by the Debtor to satisfy those amounts owed to the Former Spouse.

8. The Order further required the payment of attorney's fees on a monthly basis beginning with the entry of the Order, therefore requiring that the Debtor in Possession pay monies not ordered and approved by the Bankruptcy Court to satisfy an antecedent obligation.

## COUNT II:  Affirmative Actions to Collect and Enforce an Antecedent Debt by Former Wife and Her Counsel in Violation of the Automatic Stay

9. On February 28, 2019, Susan Golan, through counsel, filed a Motion to Compel to force the Debtor in Possession to execute a quit claim deed and to pay outstanding attorney fee's owed pursuant to the Final Judgment Dissolving the Marriage issued by the state court post-petition. (Exhibit B)

10. The Motion to Compel is an act to collect a pre-petition obligation.

11. The Motion to Compel asks the Debtor in Possession to execute an instrument that contravenes the obligations of the Debtor in Possession and would be a violation of Federal Bankruptcy Law, as no property can be removed from the estate without the direct approval of the bankruptcy estate.

## Argument

12. 11 U.S.C. 362 stays (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title; and (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;

13. While 11 U.S.C. 362(b) exempts from the stay certain aspects of Dissolution of Marriage Proceedings, those exemptions are not applicable to the matter at hand. Specifically, those exemptions are as follows:

    (i)     for the establishment of paternity;
    (ii)    for the establishment or modification of an order for domestic support obligations;
    (iii)   concerning child custody or visitation;
    (iv)    for the dissolution of a marriage, except to the extent that such proceeding seeks to determine the division of property that is property of the estate; or
    (v)     regarding domestic violence;

14. 11 U.S.C. 362(k) states: an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

15. Susan Golan and her attorney have not filed a request to lift the stay in this matter.

16. Counsel for the Debtor in Possession has reached out to Counsel for Susan Golan outlining the facts raised in this Motion; however, given the conflicting interests of the tribunals in this matter, believes that this must be brought to the Bankruptcy Court for resolution.

17. On information and belief, Stuart House, Esq., Attorney for the Former Husband shared with the Court that a Suggestion was filed in the case and that the Former Husband had filed a Bankruptcy. This fact, in addition to the presence of the Suggestion of Bankruptcy makes this a Willful and Intentional violation of Automatic Stay.

18. Counsel for the Debtor in Possession has expended 2 hours in drafting this Motion and estimates another hour of time in preparation and appearance at the hearing on this motion. Counsel for Debtor's hourly rate is $350 per hour.

WHEREFORE, the Debtor prays this Honorable Court enter an Order Granting the Motion and Granting the following relief:

1. Deem Void the Final Judgment Dissolving the Marriage entered on January 16, 2019 with a directive to the Attorney for the Former Wife to Vacate the invalid Judgment;

2. Direct the Creditor to stop collections efforts against the Debtor or property of the estate with regard to pre-petition obligations;

3. Award Attorney fees in the amount of $1050 to compensate Counsel for the Debtor for the bringing of this Motion;

4. Award Sanctions of $10,000 for the willful violation of the Automatic Stay; and,

5. For any further relief the Court deems just and proper.

/s/Angelo A. Gasparri, Esq.
(FBN 32158)
The Law Offices of Angelo A. Gasparri, PA
1080 S. Federal Highway
Boynton Beach, FL  33435
Phone:  561-826-8986
Fax:      561-935-9706
Email:   angelo@drlclaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent this 1st Day of March, 2019 via CM/ECF to all parties who have made an appearance on the Case and receive electronic notice and by mail to Susan Golan at 1348 NW 111 Ave Pompano Beach FL 33071, Grant J. Gisondo (State Court Counsel for Susan Golan) at 500 Village Square Crossing, Suite 103 Palm Beach Gardens, FL 33410 and Stuart N. House, (State Court Counsel for Rafael Golan) 2801 North University Drive, Suite 203, Coral Springs, Florida 33065, snh@browarddivorcelaw.com.

/s/Angelo A. Gasparri, Esq.
(FBN 32158)
The Law Offices of Angelo A.
Gasparri, PA
1080 S. Federal Highway
Boynton Beach, FL  33435
Phone:  561-826-8986
Fax:     561-935-9706
Email: angelo@drlclaw.com

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

IN RE: THE MARRIAGE OF:　　　　　　　CASE NO: FMCE 10-015211 (37)(90)

SUSAN GOLAN,　　　　　　　　　　　　JUDGE: DALE COHEN
　　　Petitioner/Wife,

and

RAFAEL GOLAN,
　　　Respondent/Husband,
And Third Party Respondents:
SUSAN GOLAN IRREVOCABLE TRUST &
SUSAN GOLAN, as Trustee;
SHAYNE-GOLAN IRREVOCABLE TRUST &
LAUREN MAYER and SUSAN GOLAN,
As Trustees.
_____/

## FINAL JUDGMENT OF DISSOLUTION OF MARRIAGE

THIS MATTER came before this Court for a final hearing on September 25, 2018, November 15, 2018, and November 27, 2018, on the Wife's Amended Petition for Dissolution of Marriage and the Husband's Answer and Counter Petition for Dissolution of Marriage. The Wife was present and represented by Grant J. Gisondo, Esquire. The Husband was present and represented by Stuart N. House, Esquire.

In making the findings of fact and conclusions of law in this case, the Court has weighed all of the testimony provided, observed the candor of the witnesses and their creditability, considered arguments of counsel, and reviewed the evidence and Court file in this action.

Upon the foregoing, the Court makes the following findings of facts and conclusions of law:

1. The Court has jurisdiction over the subject matter and the parties.

Golan v. Golan
Case No: FMCE 10-015211 (37) (90)
Final Judgment
_____/

2. Both parties were residents of the State of Florida for the 6 months immediately preceding the filing of the Petition.

3. The parties were married on June 14, 1985, in Broward County, Florida.

4. Both parties testified that the marriage is irretrievably broken.

5. The parties have no minor or dependent children. No other children are expected or contemplated.

6. The issues presented to the Court at trial were that of equitable distribution, alimony, and attorney's fees.

7. **Equitable Distribution.** Both parties testified that the only marital assets are the marital home and the custodia legis funds currently being held in trust at Stuart N. House, P.A. The Wife testified that the marital home should be solely awarded to her as she purchased it prior to the marriage, paid off the mortgage with premarital funds, and solely maintained the home since the parties separated in 2010. The Husband testified that he should be solely awarded the marital home as unequal equitable distribution due to the Wife's dissipation of marital assets.

8. In regard to the custodia legis funds, the Wife testified that the funds should be solely awarded to her as the Husband is in temporary alimony arrears of $89,000.00 and because the Husband wrongfully took $252,000.00 from her Genworth and Jackson National annuities. The Husband testified that the funds should be solely awarded to him as unequal equitable distribution as the Wife had previously dissipated marital assets.

9. Neither party testified as to any marital debts.

10. After consideration of both parties' testimony and the evidence presented, the Court

Golan v. Golan
Case No: FMCE 10-015211 (37) (90)
Final Judgment
_____/

finds that the Husband has not substantiated any of his allegations in regard to the Wife's dissipation of marital assets. Although there was testimony by both sides of questionable behavior with regard to marital assets and income, the Court finds that there was no clear and concise proof that unequal equitable distribution for either party would be appropriate in this case.

11. Therefore, the custodia legis funds in the amount of $44,619.00 shall be equally distributed between the parties. However, these funds may be subject to charging liens filed by the parties prior attorneys. The Court shall set a one-hour charging lien hearing in 60 days to determine everyone's position in regard to these funds. The Court also finds the marital home subject to equitable distribution.

12. There are no marital debts to divide.

13. **Alimony.** The Wife testified that she is entitled to permanent periodic alimony pursuant to s. 61.08, Florida Statutes. The Wife testified that pursuant to her Financial Affidavit, her need for alimony is $11,821.00 per month. The Wife's only income is social security benefits of $819.00 per month. The parties were married for twenty-five years prior to the date of filing the Petition, and the Husband provided for a vast majority of the parties' income. The Wife testified that her contribution to the marriage was that of homemaking, childcare, and career building for Husband. The Wife also testified that she, at times, would assist the Husband with his business performing secretarial duties as needed. The Wife testified that the Husband earns a significant income and that he had earned a significant income throughout their marriage. The Wife testified that the parties lived a lavish lifestyle during the marriage. The parties often went on vacation, drove luxury vehicles, wore expensive clothing, and dined out

frequently. The Wife testified that the parties never had any issues with debt. The Wife testified that since the parties separated, she has tried to find employment, but has been unsuccessful. The Wife is 68 years old and in relatively good health.

14. The Husband testified that he does not have the ability to pay alimony in any form. The Husband, however, did not dispute the standard of living during the marriage, but rather insisted that he does not presently have the capability of earning an income *similar to that* which he did during the parties' marriage. The Husband testified that pursuant to his Financial Affidavit that his gross monthly income is $1,074.00. However, the Husband's Financial Affidavit also states that he has monthly living expenses of at least $6,554.00 per month.

15. The Husband's CPA, Roy Glassberg, also testified to the Husband's income and his Income Tax Returns. Mr. Glassberg further supported the Husband's assertion that he only earns a gross monthly income of $1,074.00, after all business expenses are paid.

16. After the Court's review of the tax returns and the Husband's Financial Affidavit, the Court does not find the Husband and/or his CPA's testimony to be credible with regard to his income. The Husband did not explain how he manages to pay for average monthly living expenses of $6,554.00 per month with a monthly income of $1,074.00. The Husband also would frequently pay American Express credit card bills with business income; however, many of the expenses on his credit card were not business expenses, but rather personal in nature. Furthermore, the Husband has numerous professional licenses, has been employed in the same industry for decades, and it appears that his businesses have been highly profitable for many years. The Husband

Golan v. Golan
Case No: FMCE 10-015211 (37) (90)
Final Judgment
_____/

did not testify that he anticipated any downturn in business revenue in the near future. The Husband is 68 years old and is also in relatively good health.

17. Pursuant thereto, the Court finds that the Wife is entitled to permanent periodic alimony. It is clear by their respective Financial Affidavits, that the Wife has a need for alimony and the Husband has the ability to pay. The Wife's need of $11,821.00 is reasonable when taking into consideration the standard of living during the marriage and the Wife's meager income of $819.00 per month. Moreover, the Husband did not testify to any anticipated decrease in business revenue, and the evidence reflects his superior ability to earn a substantial income both now and in the future.

18. The Court also considers the Husband's failure to comply with a previous Court Order requiring payment of temporary alimony, and the numerous contempt hearings as a result thereof. The Wife has not been able to recover the temporary alimony arrears consisting of at least $89,000.00. Therefore, the Court finds a lump sum alimony award to be proper under the circumstances.

19. **Attorney's Fees.** The Wife testified that she is seeking an award of attorney's fees and costs for that which she has expended during this litigation. The Wife is represented by Grant J. Gisondo, Esquire, of Grant J. Gisondo, P.A. The Wife testified that she hired Grant J. Gisondo, Esquire, on November 16, 2017, as evidenced by her Retainer Agreement. The Wife further testified that she has incurred a total of $35,000.00 of legal fees from Grant J. Gisondo, P.A.

20. The Court finds after the review of Wife's Retainer Agreement and invoices, that Mr. Gisondo's hourly rate of $300.00 per hour to be reasonable for the circumstances in this case. Further, s. 61.16, Florida Statutes, permits this Court to grant an award of

attorney's fees to a party after considering the financial resources of both parties.

21. The Court also finds that the Wife has a need for the Husband's contribution towards her attorney's fees, and the Husband has the ability to pay. More specifically, the Court looks to the monies being awarded to the Husband from the custodia legis funds and his present income potential in demonstrating his ability to pay the Wife's attorney's fees.

22. **Restoration of Maiden Name.** The Wife testified that she is requesting restoration of her maiden name to Susan Lynn Vigder.

As such, based on the foregoing, it is thereby

**ORDERED AND ADJUDGED** as follows:

a. The marriage between the parties is irretrievably broken and hereby DISSOLVED.

b. The Husband shall pay the Wife lump sum alimony in the form of his ½ interest in the marital home. This award shall resolve the Husband's temporary alimony arrears of $89,000.00, and also be representative of the Wife's future alimony award. The marital home is located at 1348 NW 111 Avenue, Coral Springs, Florida 33071. The Husband's name shall be removed from the Deed and the Wife shall retain 100% ownership interest and possession of the property with the sole right to assign, sell, encumber and/or devise at will.

c. The parties remaining marital asset is the custodia legis funds. Said funds shall be equally distributed to both parties. However, prior to the distribution

Golan v. Golan
Case No: FMCE 10-015211 (37) (90)
Final Judgment
_____/

        of these funds from the trust account of Stuart N. House, P.A., the court shall hold a one-hour hearing on any charging liens filed in this matter.

    d.    The Husband shall pay the Wife's attorney's fees in the amount of $20,000.00 payable directly to Grant J. Gisondo, P.A. The Husband shall make payment at a rate of $1,000.00 per month, beginning on January 15, 2019, and continuing every consecutive month thereafter until paid in full.

    e.    The Wife's maiden name is hereby restored to Susan Lynn Vigder.

    f.    The Court reserves jurisdiction to modify and enforce this Final Judgment, and enter such other Orders that may be necessary including QDROs, Income Withholding Orders, and Orders regarding any pending charging liens.

    DONE AND ORDERED, in Fort Lauderdale, Broward County, Florida, on this ___ day of ~~December 2018.~~

*Dale C. Cohen*

JAN 1 6 2019

TRUE COPY

_____
HONORABLE DALE C. COHEN

Copies to:    Grant J. Gisondo, Esquire, 500 Village Square Crossing, Suite 103, West Palm Beach, Florida 33401, pleadings@gisondolaw.com

             Stuart N. House, Esquire, 2801 North University Drive, Suite 203, Coral Springs, Florida 33065, snh@browarddivorcelaw.com

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

IN RE: THE MARRIAGE OF:	CASE NO: FMCE 10-015211 (37)(90)

SUSAN GOLAN,	JUDGE: DALE COHEN
    Petitioner/Wife,

and

RAFAEL GOLAN,
    Respondent/Husband,
And Third Party Respondents:
SUSAN GOLAN IRREVOCABLE TRUST &
SUSAN GOLAN, as Trustee;
SHAYNE-GOLAN IRREVOCABLE TRUST &
LAUREN MAYER and SUSAN GOLAN,
As Trustees.
_____/

**WIFE'S MOTION TO COMPEL HUSBAND'S EXECUTION OF
QUIT CLAIM DEED AND FOR PAYMENT OF ATTORNEY'S FEES**

COMES NOW, Wife, SUSAN GOLAN, by and through her undersigned attorney, hereby files this, her Motion to Compel Husband's Execution of Quit Claim Deed and for Payment of Attorney's Fees, and as grounds thereof states:

1. This Court entered a Final Judgment of Dissolution of Marriage on January 16, 2019.

2. Pursuant to that Final Judgment, the Husband's name shall be removed from the Deed and the Wife shall retain 100% ownership interest and possession of the marital property with the sole right to assign, sell, encumber and/or devise at all.

3. In addition, the Husband was ordered to pay the Wife's attorney's fees in the amount of $20,000.00. The Husband shall make payment at a rate of $1,000.00 per month, beginning January 15, 2019, and continuing until paid in full.

4. The Husband subsequently filed a Motion for Rehearing which was denied on February 25, 2019.

5. As such, the Wife requests this Court enter an Order compelling the Husband to immediately execute a Quit Claim Deed and make the attorney fee payments for January and February 2019.

6. The Husband has the ability to comply with this Court's Order and should be ordered to do so.

WHEREFORE, Wife, SUSAN GOLAN, respectfully requests this Court enter an Order consistent with the relief requested herein and for any other relief this Court deems necessary and just.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been sent via electronic mail to: Stuart N. House, P.A., 2801 North University Drive, Suite 203, Coral Springs, Florida 33065, snh@browarddivorcelaw.com; Robert T. Shahady, ESQ., One West Las Olas Blvd., Suite 500, Ft. Lauderdale, FL 33301, tshahady@kolawyers.com; this 28th day of February 2019.

Grant J. Gisondo, P.A.
500 Village Square Crossing, Suite 103
Palm Beach Gardens, FL 33410
Phone: (561) 530-4568
Service Email: pleadings@gisondolaw.com
*Attorney for Wife*

By: /s/: Grant J. Gisondo_____
    Grant J. Gisondo, Esq., FBN: 089042