

**ORDERED in the Southern District of Florida on February 19, 2020.**

_____
**Mindy A. Mora, Judge
United States Bankruptcy Court**

_____

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**

In re:

RAFAEL GOLAN,

    Debtor

_____/

Case No.: 19-10339-BKC-MAM

Chapter 7

### MEMORANDUM OPINION AND ORDER APPROVING IN PART AND DENYING IN PART FINAL FEE APPLICATION OF DEBTOR'S COUNSEL ANGELO A. GASPARRI AND THE LAW OFFICE OF ANGELO A. GASPARRI (ECF NO. 107)

This opinion serves as a cautionary tale for practitioners who undertake a chapter 11 representation without fully familiarizing themselves with the requirements of serving as counsel to a debtor in possession, including the appropriate protocols for compensation. Angelo Gasparri ("Gasparri") and the Law Office of Angelo A. Gasparri (collectively with Gasparri, "Gasparri Law") acted as counsel to Rafael Golan ("Debtor") in this bankruptcy

case (the "Case") prior to its conversion from chapter 11 to chapter 7 on December 11, 2019. Debtor filed his Case on January 9, 2019 (the "Petition Date") with the apparent belief that he would be able to utilize chapter 11 to reorder his financial affairs, both with his ex-wife and various creditors whose claims arose from Debtor's work in the financial industry.

After conducting an evidentiary hearing (the "Evidentiary Hearing"), the Court determined that a final judgment entered by the state court in Debtor's marital dissolution case remained binding upon Debtor despite the intervening filing of the Case.[1] Separately, Debtor also apparently realized that grounds existed for this Court to deem nondischargeable many of the pending FINRA claims asserted against him.[2]

When little activity occurred in the case in the fall of 2019, the United States Trustee filed a motion to dismiss or convert the Case. In response, Debtor voluntarily converted his Case to a case under chapter 7 on December 10, 2019.[3]

The Retention Application and Order

Many months prior to conversion, on February 5, 2019, Gasparri sought retention as chapter 11 counsel to Debtor.[4] The Retention Application stated that Gasparri was disinterested, would not accept any fee from any other party or parties in Debtor's case, and was seeking retention on a general retainer pursuant to 11 U.S.C. §§ 327 and 330. Gasparri

---

[1] At the Evidentiary Hearing, Gasparri made an ore tenus motion for sanctions against Debtor's ex-wife's marital attorney, Grant Gisondo ("Gisondo"), for alleged stay violations. Based upon undisputed facts in the record, the Court entered an order to show cause why Gisondo should not be sanctioned (ECF No. 68). At the Evidentiary Hearing, Gasparri advised the Court that an award of $1,050 (the "Sanctions Award") would sufficiently compensate Gasparri Law for fees incurred in connection with preparation of a motion for sanctions (ECF No. 35) ("Sanction Motion") and attendance at the Evidentiary Hearing. Gisondo agreed to remit the Sanctions Award, which the Court directed Gisondo to pay to Gasparri by June 3, 2019 (ECF No. 81) (the "Sanctions Order").

[2] ECF No. 117 (Consent Final Judgment of Non-Dischargeability).

[3] ECF No. 106.

[4] ECF No. 18 (the "Retention Application").

also filed a Disclosure of Compensation indicating that he had received the sum of $13,500 as a retainer from Debtor.[5]

The Court held a hearing on February 21, 2019 on the Retention Application. On February 27, 2019, the Court entered an order (ECF No. 34) (the "Retention Order") approving Gasparri's retention.[6] The Retention Order followed the proposed form of order submitted by Gasparri and, in addition to approving Gasparri's retention, contained the following decretal paragraph:

> IT IS FURTHER ORDERED [that] [n]o disbursements of any kind, whether held in trust or not, shall be made without further order of this Court and an approved Cash Collateral Order. Further, the Debtor agrees to disclose the source of payments made to Attorney Gasparri on an ongoing basis.[7]

The language in this decretal paragraph is not in the local form upon which Gasparri appears to have based his proposed form of the Retention Order, namely LF-19. LF-19 is silent on the issue of the necessity of a court order for disbursements from counsel's trust account, as well as the source of any future payments to debtor's counsel. Nor were these issues raised at the hearing on the Retention Application by either the Court or the only party in interest who attended the hearing, the United States Trustee.

The Fee Application

During the chapter 11 case, Gasparri Law did not file any applications requesting that the Court approve fees and costs on an interim basis. Gasparri Law also did not file any supplemental disclosures regarding additional compensation paid to the firm by Debtor or any third party. Instead, on December 11, 2019, the same date that the Court entered

---

[5] ECF No. 14 (the "Disclosure").

[6] ECF No. 34.

[7] ECF No. 34, at p. 2.

an order converting Debtor's case to chapter 7, Gasparri Law filed a final application for compensation (ECF No. 107) (the "Fee Application") seeking allowance of fees in the amount of $22,825.50 and costs of $1,742.00.

The Fee Application indicates that the requested fees derive from 60.4 hours of services collectively rendered by Gasparri, his associate, and his paralegal, while the costs arise from payment of the standard fee ($1,742) for filing the chapter 11 petition. The Fee Application contains the usual descriptions of services rendered and persons employed. On its face, the Fee Application initially appears to seek allowance of fees and reimbursement of costs that are appropriate for the Case. Upon closer review, however, certain troubling issues become apparent.

Detailed Analysis of Fee Requests

On page 1 of the Fee Application, Gasparri, in his role as the certifying professional of Gasparri Law,[8] reflects gross fees sought in the amount of $22,825.50 and a prepetition retainer received in the amount of $13,500, but then indicates that none of the retainer is remaining in the firm's trust account. Gasparri also states that no other sources paid or advanced fees during this case, and that the firm seeks a net fee in the amount of $9,325.50.

On page 2 of the Fee Application, Gasparri requests costs in the amount of $1,742 and discloses that $1,500 was paid or advanced by other sources.[9] Gasparri also requests a net expense award of $242, resulting in a net total award of $9,567.50 for fees and costs incurred the chapter 11 portion of the Case.

On page 3 of the Fee Application, Gasparri indicates for the first time that Debtor provided an initial retainer of $15,000 on January 9, 2019, rather than the $13,500

---

[8] See Fee Application, ¶ 3.

[9] Although Gasparri indicated that the funds came from "other sources", a computation of disclosed amounts reveals that the $1,500 appears to have come from Debtor's $15,000 retainer.

previously disclosed.[10] Gasparri also indicates that no third party payments were received for fees and costs incurred by Debtor and no prior fee awards have been issued by the Court.

On page 6 of the Fee Application, Gasparri states:

> The applicant seeks an [sic] final award of fees in the amount of $22,825.50 and costs in the amount and $1,742.00. Following [sic], the application of the pre-petition retainer to the amount owed, and approval of a requested payment of $9,325.50 [sic].
>
> Attorney [sic] is holding $4,000 in his Trust fund provided to the client by his Family [sic] members for application to the professional fee balance.[11]

This latter statement, that Debtor's family members previously provided $4,000 towards Gasparri's fees, conflicts with statements on pages 1 and 3 of the Fee Application that Gasparri has not received any payments from any third-party sources.

On page 7 of the Fee Application, Gasparri indicates that the only variance from the Guidelines for Fee Applications for Professionals in the Southern District of Florida in Bankruptcy Cases (the "Guidelines") for which Gasparri Law seeks approval is permission to submit attorney time records with a description of the services rendered but without activity codes (as the Guidelines typically require).

Pages 10 through 18 of the Fee Application consist of detailed time records and itemization of expenses submitted for Court approval. The time records commence on December 13, 2018 and include entries totaling $3,990 for prepetition services provided by Gasparri, his associate, and paralegal.

In the midst of the time records, buried on page 13 of the Fee Application, Gasparri

---

[10] This representation contradicts the amount of $13,500 reflected in the Disclosure (ECF No. 14).

[11] Fee Application, p. 6. Although the terms "Family" and "Attorney" are capitalized in a manner consistent with the use of defined terms, they are not defined in the Fee Application. From context, it seems likely that Gasparri intended "Family" to refer to certain (unnamed) family members of Debtor, and that "Attorney" was intended to refer to Gasparri himself, the Applicant.

discloses that he transferred $13,267.50 from Gasparri Law's trust account into the firm's operating account on March 1, 2019. On page 15 of the Fee Application, Gasparri discloses that he made two additional disbursements from the firm's trust account into the firm's operating account. First, on April 2, 2019, he transferred $1,732.50 and second, on June 12, 2019, he transferred $1,050.[12] The Fee Application reflects that after the second transfer, the remaining trust balance as of June 12, 2019 for Debtor's account was $1,000. As a result, after the Petition Date, Gasparri caused $16,050 to be transferred from Gasparri Law's trust account to the firm's operating account via three separate transfers. Because Gasparri never filed an interim fee application, no court order authorized any of these transfers.

## JURISDICTION

The Court has jurisdiction over the Fee Application under 28 U.S.C. § 1334(b). The Court has authority to enter this order pursuant to 28 U.S.C. § 157 and the standing order of reference in this District. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

## APPLICABLE LAW

In bankruptcy proceedings, 11 U.S.C. § 105(a) provides a bankruptcy court with power to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105; *Jove Eng'g, Inc. v. I.R.S.*, 92 F.3d 1539, 1545-46 (11th Cir. 1996); *In re Mroz,* 65 F.3d 1567, 1571–72 (11th Cir.1995). A bankruptcy court also possesses inherent power to manage its affairs and achieve the orderly and expeditious disposition of cases. 65 F.3d at 1575 (internal quotations and citations omitted). This inherent power includes the power to control and discipline attorneys appearing before the

---

[12] Presumably, Gasparri's June 12, 2019 transfer of $1,050 from came from the Sanctions Award. However, this is merely a presumption on the part of the Court, as Gasparri failed to disclose any additional compensation received from Gisondo, either as a separately docketed disclosure or in the Fee Application.

court. *Id.* Use of a federal court's inherent power requires a finding that the sanctioned party exhibited bad faith. *Id.* (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46 (1991)).

## ANALYSIS

The automatic stay provided by 11 U.S.C. § 362 applies in all bankruptcy cases. The stay prevents creditors, whether prepetition or postpetition, from taking any action to enforce a claim against property of the estate absent an order of the bankruptcy court. 11 U.S.C. § 362. This concept is central to the whole premise of a bankruptcy case because it ensures that distributions made from property of the estate are authorized by the court and adhere to the priority scheme outlined in the Bankruptcy Code.

What the stay means practically in the context of counsel to a chapter 11 debtor is that no disbursements can be made postpetition from any retainer held as of the petition date absent a court order. Prepetition funds provided by a debtor in the form of a retainer remain property of the estate. For that reason, counsel to a proposed chapter 11 debtor normally computes the amount of fees and costs incurred up to the moment of filing and, immediately prior to filing the petition, disburses an amount from the retainer sufficient to pay outstanding fees and costs.

This last-minute disbursement serves two important functions. First, application of the prepetition retainer to pending fees and costs immediately before filing the petition provides all parties in interest with a clear itemization of fees and costs relating to prepetition (as opposed to postpetition) services. Second, drawing down on the retainer to satisfy fees and costs just before filing the petition prevents proposed debtor's counsel from holding a claim against the debtor on the petition date and thereby allows counsel to be "disinterested" within the meaning of 11 U.S.C. § 327.

This process is not what occurred in connection with the filing of Debtor's chapter 11 Case.

According to the Fee Application, Gasparri did not compute the amount due to Gasparri Law for fees and costs (including the filing fee) incurred prior to filing the chapter 11 petition. As reflected in the Fee Application, as of the Petition Date, Debtor owed Gasparri Law $3,990 for services rendered through January 8, 2019. Gasparri failed to disburse any funds from the firm's trust account to pay those fees (as well as the filing fee for the chapter 11 case) prior to filing Debtor's chapter 11 petition.

Instead, Gasparri waited until March 1, 2019 to disburse the sum of $13,267.50 from Gasparri Law's trust account to the firm's operating account. Gasparri made this disbursement without seeking Court authorization. Likewise, on April 2, 2019, Gasparri disbursed $1,732.50 from the firm's trust account to the firm's operating account. Again, Gasparri failed to obtain Court authorization for the transfer. Finally, after receipt of the Sanctions Award, Gasparri disbursed $1,050 to the firm's operating account on June 12, 2019.[13]

The Sanctions Award was intended to pay all fees relating to Gasparri's preparation and prosecution of the Sanctions Motion. The Court determined the amount of the Sanctions Award based upon Gasparri's prior representations to the Court. The Fee Application nevertheless inexplicably contains numerous time entries relating to the Sanctions Motion and seeks fees well in excess of the amount of the Sanctions Award.

The Fee Application seeks $2,940 for services billed from February 28, 2019 through April 2, 2019 relating to drafting and prosecution of the Sanctions Motion. This amount should have been included in the Sanctions Award, which the Court calculated based upon

---

[13] Gasparri initially deposited the Sanctions Award in trust. Although no Court order authorized the disbursement of the sanctions award from the firm's trust account to the operating account, Gisondo remitted this payment to Gasparri pursuant to the Sanctions Order. It appears that Gasparri interpreted the court's order directing Gisondo to remit the sanctions award to Gasparri as authorizing the application of that payment to Gasparri's outstanding fees in connection with the Sanctions Motion.

Gasparri's representations. Nevertheless, the Fee Application seeks compensation for this time. The only portion of the Sanctions Award clearly omitted from the Fee Application is the time for Gasparri's appearance at the Sanctions Hearing. The inclusion of these fees in the Fee Application ignores the Court's prior resolution of all issues relating to the Sanctions Motion.

Collectively, Gasparri's actions demonstrate a disregard for key aspects of the Bankruptcy Code, including the sanctity of the automatic stay, the importance of his role as disinterested counsel to the Debtor, and his obligation to follow the constraints of the Retention Order. By directing the transfer of funds at his and Gasparri Law's convenience, rather than following well-established protocols and the constraints of the Retention Order, Gasparri failed to observe crucial safeguards designed to protect all parties in interest. Simply put, Gasparri violated the automatic stay, a fundamental tenet of the Bankruptcy Code, and the unambiguous terms of his own Retention Order.

Gasparri's failure to ensure that all prepetition fees were paid *prior to* the Petition Date also resulted in a lack of disinterestedness. He was and remains a creditor of the estate. This fact was not disclosed on his Retention Application; rather, he affirmatively misrepresented his creditor status by stating to the Court that he was disinterested.

Finally, Gasparri neglected to inform the Court (and all parties in interest) that he received and applied the Sanction Award to outstanding fees. He also did not timely disclose that he received (and is still holding) funds from family members of the Debtor[14] that were apparently intended to cover Debtor's legal fees (the "Family Funds").

All these acts combine to demonstrate bad faith. Although the Court is always loathe

---

[14] Counsel to the Chapter 7 Trustee ("Trustee") has indicated that the Trustee may wish to assert a claim to the Family Funds. Although the Court strains to understand how these funds could fall within property of the estate, the Court will provide the Trustee with a brief window to assert a claim.

to sanction any attorney, blatant disregard for statutory protections and court orders cannot be ignored. The Court therefore determines that it is appropriate to sanction Gasparri by (i) disallowing all prepetition fees, (ii) disallowing any fees relating to the Sanctions Motion that were not previously awarded in the Sanctions Order, and (iii) imposing a coercive sanction to deter future instances of similar misconduct. The Court therefore specifically disallows prepetition fees of $3,990 incurred by Gasparri from December 18, 2018 through January 8, 2019. In addition, because the Sanctions Award—which Gasparri took directly into the firm's operating account—should have covered all fees relating to the Sanctions Motion, the Court also disallows $2,940 charged in excess of the amount plead in the Sanctions Motion. Finally, the Court sanctions Gasparri $2,500 for violating the automatic stay and the Retention Order by making disbursements from Gasparri Law's trust account to the firm's operating account without a Court order.

The Court therefore finds and determines that the amount to be awarded to Gasparri Law for fees in this Case in this case is $13,395.50, plus reimbursement of $1,742 for the filing fee advanced by Gasparri Law, for a total award of fees and costs in the amount of $15,137.50. Because Gasparri Law received $15,000 from the Debtor as a prepetition retainer and $1,050 from Gisondo in satisfaction of the Sanctions Award, Gasparri Law received a total of $16,050, resulting in an overpayment of $912.50. Gasparri Law must immediately disgorge this amount to the Trustee.

Accordingly, it is **ORDERED** that:

1. The Fee Application (ECF No. 107) is **GRANTED in part and DENIED in part** as set forth herein.

2. The Court **GRANTS** the Fee Application to the extent that it seeks fees of $13,395.50 for postpetition services rendered by Gasparri Law on behalf of Debtor and reimbursement of $1,742 for the filing fee advanced by Gasparri Law, for a total

award of fees and costs in the amount of $15,137.50.

3. The Court **DENIES** the Fee Application in all other respects, including the request for approval of $3,990 for prepetition services and $2,940 sought in connection with preparation of the Sanction Motion.

4. In addition to the denial of fees described herein, the Court **SANCTIONS** Gasparri $2,500 (the "Fee Sanction") for his violation of the automatic stay, misrepresentation to the Court regarding his lack of disinterestedness, lack of disclosure, and failure to follow the Court's Guidelines and the Retention Order.[15]

5. Gasparri Law must tender $912.50 (the "Disgorged Fees") to the Trustee within 10 days from date of entry of this Order in satisfaction of the current overpayment for disallowed fees.

6. No later than 31 days after the date of entry of this Order, Gasparri shall (i) file proof of payment of the Disgorged Fees on the docket for this Case and (ii) email proof of payment of the Disgorged Fees to MAM_Chambers@flsb.uscourts.gov.

7. If the Trustee elects to assert a claim to the Family Funds, the Trustee must do so within 30 days of the date of entry of this Order.

8. Neither Gasparri nor Gasparri Law may use the Family Funds to pay for any fees or costs incurred by the Debtor relating to the Case.

9. The Court retains jurisdiction over the implementation and interpretation of this Order.

###

Copies to be furnished to all interested parties by Counsel for the Debtor

---

[15] The net allowed amount of $15,137.50 for allowed fees and costs includes a deduction of $2,500 for the Fee Sanction.